01
02
03
04
05

06                     UNITED STATES DISTRICT COURT
                       WESTERN DISTRICT OF WASHINGTON
07                              AT SEATTLE

08  CLAUDIA BARBER,                      )
                                         ) CASE NO. C11-1790-RSL-MAT
09       Plaintiff,                      )
                                         )
10       v.                              )
                                         ) REPORT AND RECOMMENDATION
11  MICHAEL J. ASTRUE, Commissioner      ) RE: SOCIAL SECURITY
    of Social Security,                  ) DISABILITY APPEAL
12                                       )
         Defendant.                      )
13  _____ )

14       Plaintiff Claudia Barber proceeds through counsel in her appeal of a final decision of

15  the Commissioner of the Social Security Administration (Commissioner).  The Commissioner

16  denied Plaintiff's application for Disability Insurance Benefits (DIB) after a hearing before an

17  Administrative Law Judge (ALJ).  Having considered the ALJ's decision, the administrative

18  record (AR), and all memoranda of record, the Court recommends that this matter be

19  REMANDED for further administrative proceedings.

20  / / /

21  / / /

22  / / /

REPORT AND RECOMMENDATION
RE: SOCIAL SECURITY DISABILITY APPEAL
PAGE -1

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1951.[1] She completed high school and previously worked as a laborer and janitor. (AR 98-107.)

Plaintiff filed an application for DIB on April 13, 2006, alleging a disability onset date of February 11, 2004. (AR 108.) The application was, initially and on reconsideration, granted in part as to the time period after Plaintiff's 55th birthday on June 4, 2006, but denied for the period between the alleged onset date and June 4, 2006. (AR 41-42, 45-46.) Plaintiff timely requested a hearing. (AR 41.)

On November 20, 2007, ALJ Verrell Dethloff held a hearing, taking testimony from Plaintiff and a vocational expert. (AR 271-93.) On March 3, 2008, the ALJ issued a decision finding Plaintiff not disabled prior to her 55th birthday. (AR 11-21.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on May 20, 2009 (AR 4-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

The Commissioner conceded that the case needed to be remanded for further proceedings. (AR 319-35.) In his Report and Recommendation, U.S. Magistrate Judge Brian Tsuchida agreed with the Commissioner that the outstanding unresolved issues required remand for further proceedings, particularly because neither the conceded errors nor the errors identified by Plaintiff would compel a finding of disability. (AR 312-318.) Judge Tsuchida

---

[1] Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

REPORT AND RECOMMENDATION
RE: SOCIAL SECURITY DISABILITY APPEAL
PAGE -2

recommended that the ALJ be directed to:

> (1) update the record by obtaining the April 3, 2006, independent medical examination (IME) report from Dr. Green and the physical capacity evaluation prepared by Dr. Castle on December 7, 2004; (2) reevaluate and further develop the medical evidence in the record; (3) reevaluate Dr. Welch's opinion; (4) reevaluate steps two and three of the sequential evaluation process; (5) reevaluate plaintiff's credibility; ([6]) reevaluate plaintiff's RFC; and ([7]) reevaluate steps four and five of the sequential evaluation process with the assistance of a vocational expert.

(AR 318.) U.S. District Judge Richard Jones approved and adopted Judge Tsuchida's Report and Recommendation. (AR 336-37.)

The Appeals Council thereafter ordered the ALJ to conduct further proceedings consistent with the District Court's order. (AR 340-41.) On remand, the ALJ misunderstood the scope of review ordered by the District Court, describing the District Court's order as requiring the evaluation of the reports of Drs. Green and Castle, but otherwise "affirming the entire[t]y of the prior ALJ decision." (AR 297.) The ALJ specifically indicated that he believed the District Court had affirmed his findings that Plaintiff was not credible, even though the District Court had actually instructed the ALJ to reconsider the adverse credibility findings. (*Compare* AR 297 *with* AR 334.) As a result of that misunderstanding, the ALJ did not reassess Plaintiff's credibility or reevaluate Dr. Welch's opinion, or reassess any of the other findings as instructed by the District Court. The ALJ conducted a brief second hearing on June 23, 2011, at which Plaintiff (but not a vocational expert) testified. (AR 382-88.) On June 28, 2011, the ALJ again found Plaintiff not disabled during the relevant period. (AR 297-311.) This appeal followed.

/ / /

**JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

**DISCUSSION**

The parties agree that the ALJ's second decision is erroneous because it does not comply with the District Court's remand order. The sole issue presented in this appeal — as was the situation when Judge Tsuchida previously considered this case — is whether the remand should involve further administrative proceedings, or should direct payment of benefits.

In her opening brief, Plaintiff contends that the ALJ erred at step two by not finding Plaintiff's myofascial pain syndrome to be severe, and erred by discrediting Plaintiff's testimony and Dr. Welch's opinions. The Commissioner agrees that the ALJ should be instructed to consider the seven issues identified in Judge Tsuchida's Report and Recommendation, which include a reassessment of Plaintiff's credibility and Dr. Welch's opinions, and a reconsideration of the findings at steps two through five. In her Reply Brief, Plaintiff restates her arguments that the ALJ improperly discounted her credibility and erred in evaluating Dr. Welch's opinions, without explaining why the remedy proposed by the Commissioner — the ALJ's reassessment of, *inter alia*, Plaintiff's credibility and Dr. Welch's opinions on remand — would be inadequate.

Plaintiff also argues in her Reply Brief that the ALJ erred in failing to address some limitations identified by Dr. Becker, and the Commissioner agreed in his brief in the previous case that the ALJ would need to reconsider his RFC assessment and step-five findings in light

of Dr. Becker's opinions and the other new medical opinions. (AR at 325-26.) Though the Commissioner again concedes here that the ALJ should, on remand, reconsider his RFC assessment and his findings at steps two through five, Plaintiff argues that the Commissioner should not receive "a second bite at the apple" and that this Court should instead simply credit as true the opinions that were erroneously discredited and remand for payment of benefits. (Dkt. 19 at 1, 4.)

For the same reasons previously identified by Judge Tsuchida, remand for payment of benefits is not appropriate here because there remain outstanding issues that must be resolved before a disability determination can be made. Remand for payment of benefits is appropriate if:

> (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). The parties agree that the first component is present here, but Judge Tsuchida previously identified outstanding issues to be resolved on remand, and explained why the discredited evidence would not compel a finding of disability even if it were credited:

> Here, the Court concludes the appropriate judicial response is to remand the case for further administrative proceedings. First, the errors to which the Commissioner admits — the ALJ's failure to include Dr. Green's IME and Dr. Castle's report and include in his RFC determination Dr. Becker's opinion that plaintiff had limited grasping and lifting ability — do not compel a finding of disability. At this point, it is not known what opinions are contained in the missing reports or what impact Dr. Becker's opinions would have on plaintiff's RFC.

REPORT AND RECOMMENDATION
RE: SOCIAL SECURITY DISABILITY APPEAL
PAGE -5

Second, even if the Court accepts plaintiff's contention that the ALJ erred in discounting her credibility, and credited plaintiff's "pain testimony" as true, the Court cannot say the ALJ would be required to find her disabled. This is because it is unclear whether plaintiff's "pain" itself or in combination with other conditions renders plaintiff disabled. Dr. Welch, plaintiff's treating doctor, opined "[b]ut for the effects of the pre-existing cognitive condition, the claim related condition is not sufficient to permanently totally disable the worker from full time gainful employment . . . However, when the claim related condition is combined with the pre-existing condition, the worker is rendered totally disabled." The Court will not jump to any conclusions about whether plaintiff's "pain" is part of her cognitive condition or what role "pain" plays in Dr. Welch's opinion where the doctor did not make that clear. Accordingly, the Court views this as an unresolved, or at least unclear, issue that should be resolved before a determination of disability can be made.

Third, plaintiff argues the ALJ erred in rejecting Dr. Welch's opinion that she is disabled. However, the ALJ's evaluation of Dr. Welch is not as open and shut as plaintiff claims. A treating physician's opinion is entitled to special weight. *Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1981) But, a treating physician's opinion is not necessarily "conclusive as to either a physical condition or the ultimate issue of disability," *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.1989), and may be rejected if contradicted by another doctor's opinion and the ALJ gives "specific and legitimate reasons" for doing so that "are supported by substantial evidence" in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

Here, Dr. Welch found plaintiff had physical limitations to her shoulder, right extremity and problems with her back and ankle. The ALJ's determination that these findings are not supported by objective findings is at odds with the undisputed fact that plaintiff fell 20 feet, shattered her right forearm and shoulder, required surgical repair and has significant disc herniation at T10-11 as shown through an MRI. It is also contrary to the other medical evidence in the record which indicate that plaintiff's upper extremity conditions prevent her from performing any past relevant work and limit her RFC. This error, however, does not mandate an award of benefits because Dr. Welch opined that these conditions alone – the "claim related conditions" – do not render plaintiff totally disabled.

Rather, Dr. Welch opined plaintiff's "cognitive condition" combined with her other conditions rendered her disabled. He did not, however, explain what these cognitive conditions were and why he thought they disabled plaintiff. An ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory and inadequately supported by clinical findings. *Tonapetyan v. Halter*, 242

F.3d 1144, 1149 (9th Cir. 2001). Here the ALJ acknowledged plaintiff had cognitive limitations, including borderline intelligence, concentration problems and pain, but concluded that she still had the capacity to perform simple, repetitive tasks. This conclusion may change, of course, after the ALJ, on remand, reevaluates steps two through five, considers additional evidence and reevaluates the medical sources, plaintiff's RFC and plaintiff's credibility. Accordingly, the Court finds there are still outstanding issues as to Dr. Welch's opinion that must be resolved before a determination of disability can be made.

In sum, the case should be remanded for further administrative proceedings. The Court recommends the ALJ be directed to reevaluate all of the medical evidence and plaintiff's credibility. The ALJ should (1) update the record by obtaining the April 3, 2006, independent medical examination (IME) report from Dr. Green and the physical capacity evaluation prepared by Dr. Castle on December 7, 2004; (2) reevaluate and further develop the medical evidence in the record; (3) reevaluate Dr. Welch's opinion; (4) reevaluate steps two and three of the sequential evaluation process; (5) reevaluate plaintiff's credibility; (5) reevaluate plaintiff's RFC; and (6) reevaluate steps four and five of the sequential evaluation process with the assistance of a vocational expert.

(AR at 316-18 (internal citations to previous administrative record omitted).) The Plaintiff has not provided any argument to dispute that reasoning, and makes no attempt to show that remand for further proceedings would serve no useful purpose. *See McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) ("We may direct an award of benefits if the record has been fully developed and further administrative proceedings would serve no useful purpose."). The ALJ's failure to apprehend the accurate scope of review on remand the first time should not, by itself, preclude a second remand for further administrative proceedings.

Plaintiff goes on to argue, however, that if this case is remanded for further administrative proceedings, it should be assigned to a different ALJ because this ALJ failed to follow the instructions of the District Court on the first remand. (Dkt. 12 at 4.) Remand to a new ALJ is appropriate where the circumstances suggest that an ALJ's impartiality is compromised. *See Miles v. Chater*, 84 F.3d 1397, 1401 (11th Cir. 1996). Factors indicating

that a new ALJ should be assigned on remand include:

> (1) a clear indication that the ALJ will not apply the appropriate legal standard on remand; (2) a clearly manifested bias or inappropriate hostility toward any party; (3) a clearly apparent refusal to consider portions of the testimony or evidence favorable to a party, due to apparent hostility to that party; (4) a refusal to weigh or consider evidence with impartiality, due to apparent hostility to any party.

*Lilienthal v. Astrue*, 2010 WL 474692, at *6 (W.D. Wash. Feb. 1, 2010) (citing *Sutherland v. Barnhart*, 322 F.Supp.2d 282 (E.D.N.Y. 2004)). Plaintiff does not address these factors, and the Court finds none of them applicable here. The ALJ's misapprehension of the scope of the first remand does not amount to clear evidence that he would not apply the correct legal standard on the second remand, and the record does not evince the ALJ's apparent bias or hostility to any party. Because there is no evidence that the ALJ's impartiality has been compromised, the Plaintiff has not shown that assignment to a different ALJ is necessary.

## **CONCLUSION**

For the reasons set forth above, this matter should be REMANDED for further administrative proceedings, instructing the ALJ to address the following issues: (1) reconsider Dr. Green's April 3, 2006 IME report and Dr. Castle's December 7, 2004 physical capacity evaluation; (2) reevaluate and further develop the medical evidence in the record; (3) reevaluate Dr. Welch's opinions; (4) reevaluate steps two and three of the sequential evaluation process; (5) reevaluate Plaintiff's credibility; (6) reevaluate Plaintiff's RFC; and (7) reevaluate steps four and five of the sequential evaluation process with the assistance of a vocational expert.

/ / /

01          DATED this 9th day of August, 2012.

02

03                                          /s/ Mary Alice Theiler
                                            _____
                                            Mary Alice Theiler
04                                          United States Magistrate Judge

05

06

07

08

09

10

11

12

13

14

15

16

17

18

19

20

21

22

REPORT AND RECOMMENDATION
RE: SOCIAL SECURITY DISABILITY APPEAL
PAGE -9